**SABRINA P. SHROFF**
ATTORNEY AT LAW

**MEMORANDUM ENDORSED**

June 8, 2023

80 BROADWAY, 19TH FLOOR
NEW YORK, NEW YORK 10004
TELEPHONE: (646) 763-1490

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/9/2023
```

Hon. Gregory H. Woods
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Tyquan Goodlet*, 22 Cr. 497 (GHW)

Dear Judge Woods,

In light of the Court's ruling of today, June 8, 2023, see, Docket Entry # 90, I provide the following information. Mr. Goodlet is the primary caregiver to his infant son and is responsible for caring for him and doing all the household chores. Just recently, his child had a medical issue and Mr. Goodlet could not leave him home on an basis because he is on home detention. The medical issue arose on a weekend. Additionally, part of being a caretaker is to take the child out of the home.

Mr. Goodlet also plays basketball with inner city schools and does fieldwork with Thomas Jefferson High School. For all these reasons, and because the government has consented, I ask the Court to re-consider its denial of Mr. Goodlet's motion to be removed from home detention and be placed on curfew. I note there that Mr. Goodlet curfew could be limited from 8:00 a.m. to 8:00 p.m. and modified if there is good cause or concern raised by his conduct while on curfew. The hours of curfew will be at the discretion of a very vigilant pretrial office. All other conditions would remain the same.

I thank the Court for its consideration of this request. Should the Court decide to deny the above request, I ask the Court to allow Mr. Goodlet to take his son out of the house this Saturday – it is the summer season and his son's birthday.

Respectfully submitted,

/s/ Sabrina Shroff

---

Application denied in part and granted in part. The Court appreciates that less restrictive conditions of pretrial release will provide the defendant with more flexibility, and, as a result, would be preferred by him—particularly during the summer months. However, the information provided here does not provide a basis for the Court to conclude that the risk of flight or danger to the community posed by the defendant have changed in a way that would make a less restrictive pre-trial release package appropriate. The Government's consent to the modification is a useful data point, but is not dispositive. This application does not provide sufficient justification for the modification of the defendant's conditions of pretrial release as requested at this time. Therefore, the application to replace the defendant's home detention condition with a curfew is denied without prejudice. The conditions of the defendant's pretrial release are modified as follows: the defendant may leave his home with his son on June 10, 2023 to celebrate his son's birthday. The outing may not exceed five hours in length. The defendant must provide pretrial services the hours of his outing and the locations that he will visit in advance. The defendant must remain with his son during the outing. All other conditions of the defendant's pretrial release remain in full force and effect.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 91.

SO ORDERED.

Dated: June 9, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge